```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION
```

|                              |   |                          |
|------------------------------|---|--------------------------|
| ARNULFO CANTU,               | § |                          |
|                              | § |                          |
|     Plaintiff,               | § |                          |
|                              | § |                          |
| vs.                          | § | Civil Action No. C-05-4  |
|                              | § |                          |
| GOODYEAR TIRE & RUBBER CO.,  | § |                          |
|                              | § |                          |
|     Defendant.               | § |                          |

## ORDER FOR PRODUCTION OF DOCUMENTS
## FOR IN CAMERA REVIEW

On January 5, 2005, Plaintiff Arnulfo Cantu ("Plaintiff") filed suit against Goodyear Tire & Rubber Company ("Defendant") alleging that he was injured because of a defect in a tire designed and manufactured by the Defendant.  Plaintiff now seeks production of certain documents related to Defendant's research into, and implementation of, nylon overlays on its "Load Range D" and "Load Range E" tires.  Defendant refused to produce much of this information on the grounds that the documents were trade secrets protected under Texas Rule of Evidence 507 and the cases of In re Continental Gen. Tire, Inc., 979 S.W.2d 609, 613 (Tex. 1998) and In re Bridgestone/Firestone, Inc., 106 S.W.3d 730, 732 (Tex. 2003). This Court held hearings on this issue on September 2 and 15, 2005, to determine the applicability of the trade secret privilege.  As a result of these hearings, it became apparent to the Court that it could not make a decision regarding the discovery of these documents without knowing anything specific about their contents.

At the September 15 hearing, therefore, this Court notified the parties of its intention to order production of the documents for *in camera* review.

In Texas, a court, when confronted with a claim of privilege, must "determine whether an in camera inspection is necessary" to rule on a discovery issue.[1]  See, e.g., Peeples v. Honorable Fourth Supreme Judicial Dist., 701 S.W.2d 635, 637 (Tex. 1985).  For example, one situation in which an *in camera* inspection will be necessary is when "the documents themselves . . . constitute the only evidence substantiating the claim of privilege."  Weisel Enterprises, Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986).  Similarly, a Court cannot properly rule on discovery issue where a party makes "an unverified, global allegation" that certain documents are privileged.  See Id.  Under such circumstances, the proper procedure is for a court to order an *in camera* inspection to substantiate the privilege claim.  Id.; see also Hyundai Motor America v. O'Neill, 839 S.W.2d 474, 478 (Tex. App.--Dallas 1992) (stating that, in such circumstances, the documents *must* be reviewed *in camera* because a "court abuses its discretion if it denies discovery when no evidence has been presented").  "If such inspection is ordered by the trial court, those materials for which the inspection is sought must be segregated and produced to the

---

[1] Under Federal Rule of Evidence 501, this Court applies Texas law with respect to issues of privilege.

court."  Peeples, 701 S.W.2d at 637.

In this case, Defendant has made a global assertion that nearly all documents sought by Plaintiff are trade secrets. Because this Court knows virtually nothing about the allegedly-privileged documents, it cannot verify that claim without seeing the documents themselves.[2]  Similarly, this Court cannot address Plaintiff's argument that the documents are necessary for a fair adjudication of his claims without having any knowledge of their contents.  Therefore, it is hereby ORDERED that:

(1) Defendant must produce all documents related to the decision to implement nylon overlays on both the Load Range D and Load Range E tires for *in camera* inspection by Friday, October 21, 2005.  The documents must be submitted to the Court under seal and be accompanied by a log indexing the documents submitted;

(2) Defendant must designate a plaintiff's lawyer who has seen the allegedly-privileged documents in litigation to testify, if necessary, that the Court has before it all of the documents in question; and

---

[2] For example, to determine whether a trade secret exists with respect to any specific document, the Court would have to determine whether the information contained in the document "is used in [Defendant's] business and presents an opportunity to obtain an advantage over competitors who do not know" the information.  In re Bass, 113 S.W.3d 735, 739 (Tex. 2003).  It is impossible to apply such a fact-specific test without seeing what information is in each individual document.

(3)   The deadlines relating to the designation of tire experts are suspended until such a time as the Court makes a ruling on the discoverability of the disputed documents. All other deadlines remain in force.

SIGNED and ENTERED this 17th day of October, 2005.

_____
Janis Graham Jack
United States District Judge