```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| ARNULFO CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. C-05-4 |
| | § | |
| GOODYEAR TIRE & RUBBER CO., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADDRESSING MOTIONS TO EXCLUDE EXPERT TESTIMONY**

On January 17 and 18, 2006, the Court conducted Daubert hearings to consider Defendants' Motions to Exclude the Testimony of Plaintiff's expert witnesses (D.E. 76-80). This Order memorializes the rulings made by the Court at the hearings:

(1) Dr. Stephen Horner cannot testify at trial regarding the offset to Plaintiff's future earnings or Plaintiff's loss of household services. The parties stipulate that Dr. Horner will not testify as to the value of Plaintiff's future fringe benefits.

(2) Ann Jaime cannot testify regarding the costs of future surgery for the Plaintiff unless a physician first testifies as to the need and type of surgery. Jaime also cannot testify as to the cost of two years of vocational rehabilitation, or the cost of four hours of care every other day for the rest of Plaintiff's life, unless an expert other than Jaime first testifies as to the need.

(3) At the hearing, the Court admitted "Horner Exhibits" 1-3. Plaintiff shall provide Defendant with copies of these exhibits by Friday, January 20, 2006, at 12:00 p.m. After Defendant has reviewed these exhibits, Defendant may re-depose Dr. Horner on these exhibits prior to trial.

(4) The parties stipulate that, on the issue of causation, Stephen Irwin will testify only as follows: that based upon his review of the information in the case, he sees no reason to disagree with the conclusion of the police officer that, absent a tread separation, Plaintiff would have continued going straight down the road.

(5) The Plaintiff withdraws his expert designation of Robert Ochs. The Court GRANTS Plaintiff's oral motion for a continuance and CONTINUES the above-styled action. The Joint Final Pretrial Order shall be filed no later than Friday, May 19th, 2006, at 3:00 p.m. The Final Pretrial Conference is set for Thursday, June 1, 2006. Trial is set for Wednesday, June 7, 2006. Plaintiff has 45 days from the date of this Order to designate a new tire design expert. Defendant has 20 days after the deadline for Plaintiff's designation to re-designate a responsive expert. If Defendant does not re-designate, the Court will assume it will be using its previously-designated expert. <u>Daubert</u> challenges must be filed within 20 days after the deadline for Defendant's re-designation.

SIGNED and ENTERED this 18th day of January, 2006.

_____
Janis Graham Jack
United States District Judge